UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank,<br><br>Defendant. | Case No.: 0:19-cv-01756-WMW<br><br>Case No.: 0:19-cv-01869-WMW<br><br>Hon. Wilhelmina M. Wright |

**MEMORANDUM OF LAW IN SUPPORT OF
BMO HARRIS BANK N.A.'S MOTION TO STAY PROCEEDINGS**

Defendant BMO Harris Bank N.A. ("BMO"), as successor to M&I Marshall and Ilsley Bank ("M&I"), submits this memorandum in support of its motion to stay proceedings in this Court pending resolution of BMO's motion for leave to appeal the bankruptcy court's summary-judgment order and any resulting appeal.[1]

**INTRODUCTION**

Just before transferring this case to the district court, the bankruptcy court issued two significant orders. One denied BMO's summary judgment motion. The other largely granted a spoliation sanctions motion filed by Plaintiff Douglas A. Kelley, in his capacity

---

[1] On July 17, 2019, undersigned counsel contacted the Court's courtroom deputy to confirm whether this motion to stay should be filed in Case No. 0:19-cv-01756, Case No. 0:19-cv-01869, or in both proceedings. Because the motion to stay relates to both proceedings, undersigned counsel is filing identical copies of the motion papers in both proceedings.

as the Trustee of the BMO Litigation Trust ("Trustee"). BMO is currently seeking review of both orders. To efficiently sequence review of those orders and other district court proceedings, BMO asks that the Court stay review of the sanctions order and other proceedings pending a decision on BMO's motion for leave to appeal the summary-judgment order and any resulting appeal. The requested stay is appropriate because it would conserve judicial and litigant resources and promote orderly adjudication of this case, without prejudicing any of the parties.

## BACKGROUND

This adversary proceeding arises out of the Ponzi scheme perpetrated by and subsequent bankruptcy of Petters Company, Inc. ("PCI"). The Trustee, acting as estate representative for PCI, asserts state law claims against BMO based on allegations that M&I (a bank BMO later acquired) knowingly aided PCI's Ponzi scheme. *See Kelley v. BMO Harris Bank N.A.*, Adv. No. 12-4288 (Bankr. D. Minn.) ("*Kelley v. BMO*"), Dkt. 55 (Compl.); *Kelley v. BMO*, Dkt. 75 (MTD Order). The Trustee seeks to recover $1.9 billion in alleged losses of eight PCI investors. *Kelley v. BMO*, Dkt. 339 at 63 (11/29/18 Rule 26(a)(1) Discl.).

Until recently, this case was pending in the bankruptcy court pursuant to 28 U.S.C. § 157(a), (c)(1) and D. Minn. Bankr. R. 1070-1. On July 2, 2019, the bankruptcy court transferred the case to the district court, citing its inability to conduct a jury trial. *Kelley v. BMO*, Dkt. 355. The case was transferred to the district court where it was given Civil Case No. 0:19-cv-01756 and assigned to District Court Judge Wilhelmina M. Wright. In the days

2

before the order transferring the case to the district court, the bankruptcy court issued two orders resolving the parties' outstanding motions.

The first order denied BMO's motion for summary judgment. *Kelley v. BMO*, Dkt. 351 ("MSJ Order"). The motion argued that, based on established case law, the Trustee lacks standing to recover damages that represent harm to creditors rather than PCI and PCI's admitted criminal misconduct gives BMO a complete defense under the *in pari delicto* doctrine. *Kelley v. BMO*, Dkt. 339 at 12-37 (MSJ Br.). The bankruptcy court rejected both arguments, departing from numerous decisions that had granted dismissal or summary judgment based on standing and *in pari delicto* arguments just like BMO's. *Kelley v. BMO*, Dkt. 351 at 7-17 (MSJ Order).

The second order largely granted the Trustee's motion for sanctions based on alleged spoliation of evidence. *Kelley v. BMO*, Dkt. 353 ("Sanctions Order"). In a lengthy order covering over a decade of events, the bankruptcy court concluded that BMO had spoliated certain email server backup tapes. *Id.* at 24-31. It then imposed three forms of sanctions: (1) "[a]n adverse inference instruction that Defendant intentionally destroyed and failed to preserve Minnesota email backup tapes that it knew were harmful"; (2) an order allowing the Trustee "to present evidence to the jury about Defendant's destruction of backup tapes"; and (3) an order prohibiting BMO "from objecting to the introduction of any pre-March 2005 emails or documents produced from third parties." *Id.* at 2, 31-42. The bankruptcy court determined that it could impose those trial sanctions even though it would not be conducting the trial and it has no authority to enter a final order in this case.

3

*Id.* at 42-44. But the court stated that it would recommend the same sanctions if the district court found that it lacked authority to impose them. *Id.* at 44.

BMO timely sought review of both decisions. It filed a motion for leave to appeal the MSJ Order on July 11, 2019. *Kelley v. BMO*, Dkt. 357. As the motion papers explain, the MSJ Order warrants immediate appeal because it conflicts with numerous precedents and the Bankruptcy Code on several controlling questions of standing and *in pari delicto* law, an immediate appeal may materially advance the ultimate termination of the case, and several other factors (including the transfer of the case to this Court) call for *de novo* review before the case proceeds further. *Id.* at 28-52. The appeal of the MSJ Order was transferred to the district court where it was given Civil Case No. 0:19-cv-1826 and initially assigned to District Court Judge Nancy E. Brasel. However, Judge Brasel recused herself from the appeal, which was reassigned to District Court Judge David S. Doty.

BMO filed objections to, and alternatively sought leave to appeal, the Sanctions Order. *Kelley v. BMO*, Dkt. 362. BMO argues that, because the bankruptcy court lacked authority to impose an adverse inference instruction, the Sanctions Order should be construed as proposed findings of fact and conclusions of law, which are subject to *de novo* review. Regardless of the standard of review applied, however, BMO argues that the Sanctions Order should be reversed for two reasons. First, the Sanctions Order improperly imposes an adverse inference instruction in the absence of any evidence that anyone at M&I or BMO destroyed evidence with the intention of depriving a party in litigation of that evidence. Second, the Sanctions Order improperly found that the Trustee was prejudiced by the alleged loss of backup tapes despite the availability of a plethora of

4

alternative sources of emails and documents. The objections to the Sanctions Order were transferred to the district court, given Civil Case No. 0:19-cv-1869, and assigned to Judge Wright.

To avoid wasting time and resources on potentially unnecessary litigation over the Sanctions Order and other potential pre-trial disputes, BMO seeks an order from this Court staying proceedings other than those related to BMO's potentially case-dispositive challenge to the MSJ Order until appellate proceedings on the MSJ Order have concluded.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court therefore "has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). And courts have exercised that discretion to stay proceedings pending an interlocutory appeal. *See, e.g.*, *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-cv-820, 2012 WL 5389674, at *5-*6 (D. Minn. Nov. 2, 2012); *Stearns v. NCR Corp.*, No. 98-cv-2348, 2000 WL 34423090, at *2 (D. Minn. Oct. 11, 2000).

In deciding whether to stay proceedings, courts have considered several factors: (1) whether a stay would simplify the issues and avoid unnecessary litigation; (2) whether a stay would unduly prejudice the non-moving party; and (3) whether discovery is complete and a trial date has been set. *See Schwendimann*, 2012 WL 5389674, at *5. All of these

factors—and others—support a stay pending resolution of appellate proceedings on BMO's challenge to the MSJ Order.

A stay would certainly allow appellate proceedings to simplify the issues and avoid potentially unnecessary litigation. If the MSJ Order were reversed, this case would come to a close. A ruling for BMO on either its standing challenge or its *in pari delicto* defense would require entry of summary judgment for BMO. *Kelley v. BMO*, Dkt. 357 at 17-18, 28-19 (MSJ Appeal Mot.). That result would make any further litigation completely unnecessary. In addition, even if BMO did not prevail, a ruling from this Court on standing and *in pari delicto* might streamline future proceedings regarding admissible evidence, expert testimony, and jury instructions related to PCI's misconduct and the claimed damages.

Without a stay, the Court and the parties would have to move forward and expend considerable time and resources in addressing a host of complex and potentially fact-intensive issues. Those issues begin with BMO's challenge to the Sanctions Order. Resolving that challenge would require the court and the parties to delve into an extensive factual record regarding BMO's handling of the back-up tapes and examine several intricate legal questions ranging from the bankruptcy court's authority to impose trial sanctions to the findings required for an adverse inference instruction. *Kelley v. BMO*, Dkt. 362 at 16-31 (Sanctions Objs.). Beyond the sanctions order, there are numerous potential pre-trial disputes over fact and expert evidence and jury instructions that loom. Then there would be a jury trial in this multi-billion dollar case involving events spanning over a decade. There is no good reason to undertake the enormous burdens of such litigation while

6

an appeal on two potentially case-dispositive issues is pending. *See Schwendimann*, 2012 WL 5389674, at *6 (granting stay to avoid "potentially unnecessary litigation"); *Stearns*, 2000 WL 34423090, at *2 (granting stay to avoid investment of "unnecessary time and resources").

A stay would not unduly prejudice or otherwise disadvantage the Trustee. There is no ongoing misconduct that needs to be stopped; PCI's Ponzi scheme and BMO's alleged assistance to it ended in 2008. The Trustee seeks only money damages, including prejudgment interest. *Kelley v. BMO*, Dkt. 339 at 63 (11/29/18 Rule 26(a)(1) Discl.); *see Schwendimann*, 2012 WL 5389674, at *6 (no prejudice to non-moving party where that party sought to recover only money damages). And witness testimony has been preserved through discovery and prior proceedings. If anything, a stay would benefit the Trustee by allowing him to avoid potentially unnecessary litigation activity.

The procedural posture of this case also supports a stay. Discovery ended in October 2018, so a stay would not interfere with ongoing document production or depositions. No trial date has been set, eliminating any concern about disrupting the Court's trial calendar. In addition, the case just arrived in this Court, making it especially appropriate to stage proceedings so that the Court can start with consideration of two potentially case-dispositive legal issues before wading into other disputes that may never need to be decided. Indeed, the Court is especially well-positioned to use a stay to efficiently stage appellate and other proceedings given that all proceedings should soon be before this Court once BMO's challenges to the MSJ Order and the Sanctions Order are docketed and assigned.

7

## CONCLUSION

For the foregoing reasons, BMO asks that the Court stay proceedings in this case pending resolution of BMO's motion for leave to appeal the MSJ Order and any resulting appeal.

Dated: July 17, 2019

Respectfully submitted,[2]

| | |
|---|---|
| | /s/ Keith S. Moheban |
| Lucia Nale (*pro hac vice*) | Keith S. Moheban (#216380) |
| Debra L. Bogo-Ernst (*pro hac vice*) | Adine S. Momoh (#390085) |
| Joshua D. Yount (*pro hac vice*) | STINSON LLP |
| Christopher S. Comstock (*pro hac vice*) | 50 South Sixth Street, Suite 2600 |
| MAYER BROWN LLP | Minneapolis, MN 55402 |
| 71 South Wacker Drive | Telephone: (612) 335-1544 |
| Chicago, IL 60606 | keith.moheban@stinson.com |
| Telephone: (312) 782-0600 | adine.momoh@stinson.com |
| lnale@mayerbrown.com | |
| dernst@mayerbrown.com | Donald B. Verrilli, Jr. |
| jdyount@mayerbrown.com |    (*pro hac vice admission pending*) |
| ccomstock@mayerbrown.com | Elaine J. Goldenberg |
| |    (*pro hac vice admission pending*) |
| Richard A. Spehr (*pro hac vice*) | MUNGER TOLLES & OLSON LLP |
| MAYER BROWN LLP | 1155 F Street, NW, 7th Floor |
| 1221 Avenue of the Americas | Washington, DC 20004 |
| New York, NY 10020-1001 | Telephone: (202) 220-1100 |
| Telephone: (212) 506-2578 | donald.verrilli@mto.com |
| rspehr@mayerbrown.com | elaine.goldberg@mto.com |
| | |
| | Bradley R. Schneider |
| |    (*pro hac vice admission pending*) |
| | MUNGER TOLLES & OLSON LLP |
| | 350 South Grand Avenue, 50th Floor |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 683-9100 |
| | bradley.schneider@mto.com |

*Counsel for Defendant BMO Harris Bank N.A.*

---

[2] Notices of Appearance for counsel from Munger Tolles & Olson LLP are forthcoming.

Minnesota/2014198.0788/137059045.1