**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 3, 2019

**VIA ECF**

The Honorable Wilhelmina M. Wright
United States District Court
District of Minnesota
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

      Re:    *BMO Harris Bank N.A. v. Kelley*, No. 19-cv-01869

Dear Judge Wright:

      Briefly by way of reminder, this firm was retained last month to handle BMO Harris Bank N.A.'s ("BMO") challenge in this Court of Judge Sanberg's July 1, 2019 ruling imposing sanctions for spoliation of evidence. Having familiarized ourselves with the case, we write to apprise the Court of some issues of critical importance, which may bear on the pending motion to stay proceedings.

      *The Scope of This Court's Review*. Judge Sanberg's sanctions decision is subject to *de novo* review whether it is characterized as an order or a recommendation. But the Trustee asserts that there can be literally no review in this Court at all, *i.e.*, that Judge Sanberg's decision is a final *order* that can be reviewed only by the Eighth Circuit after final judgment. But when the Trustee moved for the challenged sanctions, his papers and proposed order explicitly sought only a *recommendation*. At oral argument, the Trustee stated that "that's all we're asking for, Judge, is the recommendation on the adverse inference." Judge Sanberg herself stated at the oral argument that the issue was whether to "make a recommendation to the district court." The prospect that the motion resulting in the challenged order would give rise to an unreviewable determination that an adverse inference instruction *must* be given by this Court absent reversal by the court of appeals arose for the very first time in the Bankruptcy Court's July 1, 2019 decision. As a matter of due process, this was not fair. As this Court knows, when the Bankruptcy Court recommends a particular course of action, this Court exercises plenary review under Fed. R. Bankr. P. 9033. It may accept, reject, or modify the Bankruptcy Court's fact findings and legal conclusions, and it may receive further evidence on the disputed issues.[1] BMO was not notified that the Trustee was seeking – and the Bankruptcy Court was considering – a determination that would not be subject to review by this Court.

---

[1] *See, e.g.*, *Chowdhury v. Hansmeier*, Nos. 18-cv-3403, 19-cv-0156 (WMW), 2019 WL 1857111 at *5 (D. Minn. April 25, 2019) (vacating portions of the bankruptcy court's orders but affirming the bankruptcy court's recommendation that arrest warrants issue as a civil contempt sanction).

www.debevoise.com

*The Review BMO Seeks*.   The government's investigation and prosecution of the participants in the Petters Ponzi scheme was based on the extensive cooperation of insiders – people who would know whether banks helped to facilitate the scheme.  Yet there was no suggestion by the government at that time that M&I Marshall and Ilsley Bank ("M&I"), the bank BMO later acquired, was engaged in wrongful activity.[2]  Now, based on an enterprise-wide recycling of backup tapes begun in 2010 and certain other events in 2014 and 2017-18, the Trustee contends that this Court must inform the jury that BMO "intentionally destroyed and failed to preserve Minnesota email backup tapes that it knew were harmful."[3]  As the Advisory Committee Notes to the 2015 amendment to Fed. R. Civ. P. 37(e)(2) make clear, that is a "very severe measure[]," which "[n]egligent or even grossly negligent behavior does not logically support," and courts "should exercise caution" before using it.  The Trustee is attempting to insulate the challenged instruction from any review at all by this Court, and to simply rush to trial instead, but the Court should give the recommended jury instruction the scrutiny it deserves.  We will (a) seek to present further argument and possibly further evidence as well; (b) ask the Court to carefully examine all of the facts, and to review all of the inferences Judge Sanberg drew from them; (c) ask the Court to make its own credibility determinations, as so much of Judge Sanberg's July 1, 2019 decision depends on assessments of the credibility of employees and counsel; and (d) ask permission to file supplemental briefing in support of BMO's challenge to the July 1, 2019 decision, and for oral argument on that challenge.

*The Available Relief*.  We contend that no sanctions are warranted.  The Bankruptcy Court erred in concluding that circumstantial evidence (*i.e.,* actions by others years later) supports a finding that the recycling of backup tapes in or about 2010 and the handling of the tapes discovered in 2014 was done with the intent to deprive the Trustee of their use in litigation.  (Moreover, the recommended remedy is so onerous that the Advisory Committee Notes admonish that even when there is such a finding, that "does not require a court to adopt any of the measures listed in [Rule 37](e)(2).")  But if this Court concludes that the evidence would support such a finding, and that an adverse inference would be appropriate if the finding is made, the disputed factual issue should be decided by the jury, not this Court or a Bankruptcy Judge.  Both the case law and the Advisory Committee Notes support that argument.

We are aware of the various pending matters and are loath to further burden the Court.  On the other hand, we thought it appropriate to inform the Court in broad strokes of the foregoing issues because they may bear on the Court's decision on the pending motion to stay the resolution of our challenge to the sanctions decision pending the outcome of BMO's effort to obtain review of Judge Sanberg's summary judgment decision.

Respectfully submitted,

/s/ John Gleeson

---

[2] The recent settlement of a Financial Institutions Reform, Recovery, and Enforcement Act claim, which involved neither a finding nor an admission of unlawful activity by M&I, does nothing to undermine this argument.

[3] *BMO Harris Bank N.A. v. Kelley*, No. 19-cv-01869, Dkt. 1-4 (Order Granting Plaintiff's Motion for Rule 37 Sanctions for Defendant's Spoliation of Evidence) at 2.

        John Gleeson (*pro hac vice*)
        Michael Schaper (*pro hac vice*)
        Noelle E. Lyle (*pro hac vice*)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022
        Phone: (212) 909-6000
        jgleeson@debevoise.com
        mschaper@debevoise.com
        nelyle@debevoise.com

        *Counsel for Appellant BMO Harris Bank N.A.*

cc: All counsel of record (by ECF)